# FEDERAL PUBLIC DEFENDER
## Western District of Tennessee

**Federal Defender**
Doris Randle-Holt
**First Assistant**
Tyrone J. Paylor

**Memphis Office**
200 Jefferson, Suite 200
Memphis, TN 38103
Main (901) 544-3895
Fax (901) 544-4355

**Jackson Office**
109 S. Highland, Suite 105
Jackson, TN 38301
Main (731) 427-2556
Fax (731) 427-3052

July 26, 2023

Mr. Greg Wagner
Assistant U. S. Attorney
Clifford Davis Federal Building
167 North Main Street, Suite 800
Memphis, TN 38103

RE:    United States v. Christopher Hawkins
       Cr. No. 23-20130-JPM

Dear Mr. Wagner:

1.    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the defendant hereby requests copies of all items discoverable under subparagraphs (a)(1)(A), (B), (C), (D), (E), (F), and (G).

2.    The defendant further requests notice of the government's intention to use any like and similar conduct on the part of the defendant, or other crimes evidence, should this case proceed to trial, pursuant to Rule 404(b).

3.    The defendant further requests notice of any items seized by agents of the United States from the person or residence of the defendant which may or could be the subject of a motion to suppress evidence as per Rule 12(d)(2).

4.    The defendant further requests notice of the use of any electronic surveillance or wiretap in this case, including the use of cellphone tracking devices.

5.    This discovery request includes the production of information contained in the files or otherwise known to any municipal or state agency, civil, administrative or criminal in nature, which information has formed part of the decision to prosecute.

6.    This letter also requests the disclosure by the government of "Brady"-type material. I am sure that you are familiar with the opinion of the United States Supreme Court in the case of United States v. Bagley, 87 L.Ed.2d 481 (1985).

Prior to this decision, there was some question whether evidence that the defendant might have used to impeach a government witness has been disclosed. In <u>Bagley</u>, the court held that the Brady doctrine covers not only exculpatory evidence but impeachment evidence, as well. Consequently, the defendant is hereby requesting any information the government may have that is favorable to the defendant and material either to guilt or punishment, including evidence going to the impeachment of a government witness. This "Brady"-type evidence is defined by <u>Bagley</u> as being "evidence favorable to an accused so that, if disclosed and used effectively, it may make the difference between conviction and acquittal;" it specifically includes the possible interest of a witness in testifying falsely.

7. The existence, substance, extent, and the manner of execution or fulfillment of any inducement, promise, statement, agreement, understanding, or arrangement, either verbal, written, or implied, between the government and any of its agents and any prosecution witness, or his or her attorneys or representatives, for the purpose of obtaining said person's testimony, cooperation, or provision of information to the government wherein the government has agreed, stated, or implied action as to any of the following;

(a) Not to prosecute said person for any crime or crimes, charged or uncharged.
(b) To provide a formal grant of statutory immunity, or to provide an informal assurance that the person will not be prosecuted in connection with any testimony, cooperation, or information given.
(c) To recommend leniency or a particular sentence for any crime or crimes for which he or she stands convicted or for which he or she will be charged or is expected to be convicted.
(d) To reconsider or otherwise alter its present position towards sentence, prosecution, or other exposure based upon the nature and extent of the person's future testimony or cooperation relative to this or any other case.
(e) To make any recommendation of benefit to the person or any state or federal agency.
(f) To provide favorable treatment or consideration, that is, money, a job, a new location, etc., to the person himself or to friends or relatives of the person in return for his testimony, cooperation, or provision of information.
(g) Not to prosecute a third party for any crime or crimes where the reason for not prosecuting said third party is the consideration to the person or witness.
(h) To make any other recommendations of benefit, or to give any other consideration to the person or friends or relatives of said person.

Sincerely,


s/ Mary C. Jermann-Robinson
Assistant Federal Defender

MCJR/ sw
cc: Clerk, U.S. District Court